**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00275-CR

———————————

**EDWARD BERNARD DAVENPORT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1213794**

---

## MEMORANDUM OPINION

Appellant, Edward Bernard Davenport, pleaded guilty to the reduced second-degree felony offense of indecency with a child by contact, with the agreed recommendation that he be placed on six years' deferred adjudication community supervision and register as a sex offender. *See* TEX. PENAL CODE ANN.

§§21.11(a)(1), (c), (d) (West Supp. 2014). In accordance with the terms of appellant's plea-bargain agreement, the trial court found sufficient evidence to find him guilty, but deferred adjudicating appellant's guilt, placed him on community supervision for a six-year period, and required him to register as a sex offender in 2012. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2014).

After the State filed a first-amended motion to adjudicate his guilt, appellant pleaded true to the alleged violations of the terms of his community supervision, without an agreed recommendation as to punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 21(e) (West Supp. 2014). The trial court found the allegations true, adjudicated appellant guilty of indecency with a child by contact, and assessed his punishment at twenty years' confinement, within the applicable punishment range. *See* TEX. PENAL CODE ANN. § 12.33(a) (West Supp. 2014).[1] The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders*

---

[1] The trial court set appellant's sentence in this case to run concurrently with the two-year sentence he received in his related trial court cause No. 1393017, which is pending under appellate cause No. 01-14-00276-CR.

requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response after getting access to the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant for review. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist);

F*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

## CONCLUSION

Accordingly, we **affirm** the judgment of the trial court and **grant** counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a).[2] Attorney James Sidney Crowley must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.